UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| LAVERNE EUGENE FORTSON, | ) | CASE NO.   4:25CV639 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| WARDEN D. FENDER, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Laverne Eugene Fortson has filed this petition pursuant to 28 U.S.C. § 2241. Upon review, the petition is dismissed without prejudice.

Fortson's habeas claims challenge the validity of his ongoing criminal prosecution in 5:24CR295, also pending before the undersigned.  Within the petition, Fortson attempts to raise various challenges to the venue of his prosecution, the timing of his indictment, the calculation of his speedy trial rights, and the constitutionality of certain aspects of his prosecution.   At the time of this order, Fortson is scheduled for a jury trial on June 2, 2025.

A pretrial detainee may pursue habeas relief under 28 U.S.C. § 2241. *Girts v. Yanai*, 600 F.3d 576, 587 (6th Cir. 2010); *Atkins v. Michigan*, 644 F.2d 543, 546 n. 1 (6th Cir. 1981). Courts should abstain from exercising jurisdiction, however, where the issues raised in the federal habeas petition may be resolved at trial or by other available procedures. *See Fay v. Noia*, 372 U.S. 391,

1

417-20 (1963); *Horning v. Seifart*, 107 F.3d 11, 1997 WL 58620, *1 (6th Cir. Feb. 11, 1997) (citing *Jones v. Perkins*, 245 U.S. 390, 391 (1918), and *Riggins v. United States*, 199 U.S. 547 (1905)), and ruling that § 2241 petition was properly dismissed because it was an improper means to raise defenses to a pending criminal prosecution); *see also Pendleton v. United States*, No. 2:08-CV-01200; 2:07-CR-00181, 2009 WL 839498, *1 (S.D. Ohio March 25, 2009) (§ 2241 is not available where issues have not yet been presented to the criminal trial court); *Abernathy v. United States Marshal Svs.*, No. 2:08-CV-4663, 2008 WL 4858442, *1 (E.D. Mich. Nov. 10, 2008) (citing cases); *Hargrove v. Howes*, No. 05-CV-73839-DT, 2005 WL 3021966, *1 (E.D. Mich. Nov. 10, 2005) ("[P]rinciples of judicial economy and efficiency weigh against allowing federal defendants to file separate habeas petitions where an appropriate remedy is available with the trial court.") (alteration in original) (quotation marks omitted).

Moreover, when a federal detainee's habeas claims would be dispositive of pending federal criminal charges, those claims must be exhausted at trial and on direct appeal before habeas relief is available. *See Sandles v. Hemingway*, 22 Fed.Appx. 557 (6th Cir. 2001) (citing *Moore v. United States*, 875 F. Supp. 620, 624 (D. Neb. 1994); *Flowers v. Edwards*, 780 F.2d 1020, 1984 WL 13977, *1 (6th Cir. Nov. 18, 1985) (unpublished)); *Abernathy*, 2008 WL 4858442 at *1 (collecting cases). In this case, Petitioner's § 2241 habeas petition is subject to dismissal as premature because he has yet to have trial and has not presented any of these arguments for review in his criminal proceeding. *See Briggs v. Levi*, 275 Fed.Appx. 111, 112 (3d Cir. 2008); *White v. Terris*, No. 2:15-CV-12349, 2015 WL 4617912, *2 (E.D. Mich. July 31, 2015) (summarily dismissing § 2241 petition where petitioner had yet to be sentenced and had filed a notice of appeal).

Based on the foregoing, Petitioner's petition is DISMISSED WITHOUT PREJUDICE

pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

    IT IS SO ORDERED.

Date: April 9, 2025                                                            */s/ John R. Adams*  
                                                                                   JOHN R. ADAMS  
                                                                                  UNITED STATES DISTRICT JUDGE